IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEMINI INSURANCE CO., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | 3:15-CV-03195-L-BK |
| § | | |
| USPLABS, LLC, § | | |
|     Defendant. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's *Order of Referral*, Doc. 34, this case is before the Court on Defendant's *Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, Motion to Stay*, Doc. 21. For the reasons that follow, Defendant's dismissal motion should be **DENIED** and its request for a stay of these proceedings should be **GRANTED**.

Defendant is a company that has been accused, in both civil and criminal cases, of putting weight loss/muscle building products on the market that contain dangerous ingredients. This case is a declaratory judgment action filed by an excess liability insurer seeking a determination as to coverage liability. Defendant has moved to dismiss the case for lack of subject matter jurisdiction, arguing that the case is not ripe since the underlying insurance has not yet been exhausted. Doc. 22 at 4. Alternatively, Defendant moves for a stay pending resolution of federal criminal proceedings that have been filed against it and several of its corporate officers. Doc. 21 at 5; *see United States v. USPLabs, et al.*, Case 3:15-CR-00496-L (N.D. Tex.).

This case is almost identical in both substance and procedural posture to *Gemini Ins. Co. v. USPLabs, LLC*, Case No. 15-CV-3293-K-BK, with the exception that the cases involve different ingredients. USP filed a motion to dismiss and for a stay in that case as well, raising the same arguments as are raised herein. *See* Case No. 15-CV-3293-K-BK at Doc. #21. On

March 24, 2016, District Judge Kinkeade denied the motion to dismiss for lack of subject matter jurisdiction and stayed the case pending the outcome of the criminal proceedings.  Case No. 15-CV-3293-K-BK at Doc. #42.  Upon review of Judge Kinkeade's order, the parties' pleadings, and the case law cited therein, as well as for the sake of consistency, the undersigned recommends that this case also be stayed pending resolution of *United States v. USPLabs, et al.*, Case 3:15-CR-00496-L, for substantially the same reasons as those set forth in Judge Kinkeade's order.  Case No. 15-CV-3293-K-BK at Doc. #42; *see also* Case No. 15-CV-03195-L-BK at Doc. 41 (Supplemental brief in support of dismissal motion including a copy of Judge Kinkeade's order).

For the reasons set forth above, the Court should **DENY** Defendant's *Motion to Dismiss for Lack of Subject Matter Jurisdiction* and **GRANT** Defendant's *Motion to Stay*, Doc. 21.

**SO RECOMMENDED** on March 30, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge=s report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE